247 F.3d 903 (9th Cir. 2000)
 Fred Forbes; MARGARET BOHN; JOHN L. SUMMERS; ANN S. ANDERSON, STUART R. SNIDER; GEORGE MELCHER, JR.; CHRISTOPHER TISCH; PLANNED PARENTHOOD OF CENTRALAND NORTHERN ARIZONA, INC.; ROBERT TAMIS, PLAINTIFFS-APPELLEES,
v.
JANET NAPOLITANO, IN HER CAPACITY AS ATTORNEY GENERAL, STATE OF ARIZONA; STEPHEN NEELY, IN HIS CAPACITY AS COUNTY ATTORNEY, PIMA COUNTY, ARIZONA, DEFENDANTS-APPELLANTS.
 No. 99-17372
 United States Court of Appeals, Ninth Circuit
 Argued and Submitted Oct. 3, 2000
Filed Dec. 29, 2000
Order Amending Opinion Filed April 11, 2001.
 
 NOTE: SEE OPINIONS 236 F.3d 1009, AND 260 F.3d 1159.
 Bebe J. Anderson, The Center for Reproductive Law & Policy, New York, N.Y. and Michael Owen Miller, Miller Smith LLP, Tucson, Arizona, for the plaintiffs-appellees.
 Charles R. Pyle, Assistant Attorney General, Tucson, Arizona, for the defendants-appellants.
 Appeal from the United States District Court for the District of Arizona William D. Browning, District Judge, Presiding D.C. No. CV-96-00288-WDB
 Before: Sneed, Schroeder and Paez, Circuit Judges.
 Opinion by Judge Schroeder; Concurrence by Judge Sneed
 ORDER AND AMENDING OPINION
 Schroeder, Circuit Judge.
 
 ORDER
 
 1
 Appellants have filed a petition for rehearing that pertains to one sentence of the court's opinion. The sentence reads: "But where a statute criminalizes conduct, the law may not be impermissibly vague in any of its applications." Forbes v. Napolitano, 236 F.3d 1009, 1011 (9th Cir. 2000). The petitioner for rehearing is GRANTED to the extent that the sentence in question is deleted, and the following substituted: "But where a statute criminalizes conduct, the law may be invalidated on vagueness grounds even if it could conceivably have some valid application."